CHARLES R. JAEGER (SBN 171039)
WILLIAM S. FARMER (SBN 46694)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 962-2879
Email: cjaeger@fbj-law.com
  wfarmer@fbj-law.com
**ATTORNEYS FOR DEFENDANT
BARRY FORMAN**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALEB AVERY t'BEAR,<br><br>        Plaintiff,<br>    v.<br><br>BARRY FORMAN, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-00796-jsc<br><br>DEFENDANT BARRY FORMAN'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Fed. R. Civ. P. 12(b)(6)<br><br>**Date:   April 13, 2017<br>Time:   9:00 a.m.<br>Place:  Courtroom F, 15th Floor<br>Hon. Jacqueline Scott Corley** |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on April 13, 2017 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Jacqueline Scott Corley, in the U.S. District Court for the Northern District of California, Courtroom F, 15th Floor of the United States District Courthouse at 450 Golden Gate Avenue, San Francisco, California, Defendant Barry Forman will and hereby does move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This motion is based on the grounds that the alleged agreement upon which Plaintiff bases his claims expressly provides that any dispute under that agreement shall be resolved through mediation and binding arbitration.

The motion will be and is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed herein, and the argument of counsel at the time of the hearing.

DATED: February 24, 2017					**FARMER BROWNSTEIN JAEGER LLP**

							By:   */s/ Charles R. Jaeger*

								Charles R. Jaeger
								Attorneys for Defendant
								Barry Forman

**MEMORANDUM OF POINTS AND AUTHORTIES**

Defendant Barry Forman ("Forman") submits this memorandum in support of his motion to dismiss the Complaint.

## I.     INTRODUCTION

In the Complaint, plaintiff Caleb Avery t'Bear asserts fiduciary duty and equitable claims based upon an alleged "partnership/joint venture" known as the FairWay Group.  Plaintiff alleges that he and Mr. Forman negotiated and drafted a document that plaintiff refers to as a "Collaboration Agreement" and that the parties operated and performed under that agreement.  Assuming *arguendo* – as we must for purposes of this motion – that the allegations of the Complaint are true, then this case should be dismissed.  The document that plaintiff refers to as the Collaboration Agreement expressly provides that *any dispute* under the agreement shall be resolved through mediation and binding arbitration.  Plaintiff cannot selectively seek to enforce some terms of the document while, at the same time, ignoring others, *e.g.*, the dispute resolution provisions.  Accordingly, based on his own allegations, this dispute should be resolved through mediation and binding arbitration, and the Complaint should be dismissed.

## II.    THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE ALLEGED COLLABORATION AGREEMENT REQUIRES MEDIATION AND BINDING ARBITRATION OF PLAINTIFF'S CLAIMS

Under Rule 12(b)(6), a complaint may be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).  In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Id*.  Accepting plaintiff's allegations here as true solely for purposes of this motion, it is clear that plaintiff cannot pursue his claims in this or any court, and instead must seek to resolve them through mediation and, if necessary, binding arbitration.

Plaintiff asserts that he and defendant Forman did business "under the umbrella of a partnership/joint venture known as The FairWay Group."  Complaint at 2, ¶ 6. Plaintiff alleges that "as part of negotiating and drafting a 'Collaboration Agreement,' the Parties formalized their

arrangement referred to as the FairWay Group." *Id*. at 3, ¶ 8. The Complaint further alleges that "[t]he Parties operated the venture and each party performed under the Collaboration Agreement for a number of years in conformity with the terms of that agreement." *Id*. The Complaint then lists several obligations that defendant had under the alleged Collaboration Agreement. *Id*. at 3-4, ¶¶ 8-9, and asserts causes of action for breach of fiduciary duty, declaratory relief and an accounting. *Id*. at 6-8.

The Complaint does not attach the document that it refers to as the Collaboration Agreement. We therefore requested a copy of the alleged agreement from plaintiff's counsel and were provided with an unsigned document titled "Preliminary Collaboration Agreement." *See* Declaration of Charles R. Jaeger ("Jaeger Decl."), ¶ 2-4, Ex. C. We have included this document with our papers as part of this motion (and hereinafter refer to it as it is named, the Preliminary Collaboration Agreement). *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that when complaint does not physically attach document on which it is based, defendant may attach document to motion to dismiss to show that it does not support plaintiff's claim) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Postier v. Louisiana-Pacific Corp.,* 2009 U.S. Dist. LEXIS 95060, at *17 (N.D. Cal. 2009).

The Preliminary Collaboration Agreement describes itself as preliminary in nature and provides that the parties would subsequently prepare a "complete agreement:"

> "Forman and t'Bear agree and acknowledge the preliminary nature of this Agreement and agree that, as soon as practicable, they will engage legal counsel experienced in the preparation and counseling regarding business partnership agreements to prepare a complete agreement covering, among other things, the terms and conditions set forth herein."

Jaeger Decl., Ex. 1 at ¶ 2. The Preliminary Collaboration Agreement further provides that the parties would prepare the subsequent complete agreement within 6 months of the effective date of the Preliminary Collaboration Agreement. *Id*. at ¶ 7. (The Complaint does not allege that the parties ever prepared or executed a complete agreement.)

The Preliminary Collaboration Agreement provides a two-step process for resolving any issues that could not be resolved "through reasonable discussion" – through mediation in the first instance and, in the event mediation fails, binding arbitration:

"Prior to such more complete agreement, in the event there is any issue regarding the interpretation of this agreement that Forman and t'Bear cannot resolve through reasonable discussion, they agree to submit the issue to 3 attorneys, one each appointed by Forman and t'Bear and the third selected by their respective attorneys.  The 3 attorneys shall meet informally to resolve the interpretation at issue, but if they cannot do so on an informal basis, they shall submit the matter on behalf of Forman and t'Bear to JAMS in San Francisco, California for resolution. Forman and t'Bear agree to abide by the resolution by JAMS."

*Id*.  Finally, the Preliminary Collaboration Agreement added that "[a]ny dispute under this Agreement is intended to be resolved through JAMS in San Francisco as described hereinabove." *Id*. ¶ 8.

Plaintiff cannot seek to enforce the provisions of the Preliminary Collaboration Agreement while simultaneously choosing to ignore other provisions of that same agreement, such as the mediation and arbitration clauses.  "When a plaintiff brings a claim which relies on contract terms against a defendant, the plaintiff can be equitably estopped from repudiating the arbitration clause contained in that agreement." *City of Riverside v. Mitsubishi Heavy Indus.*, 2014 U.S. Dist. LEXIS 33836 (S.D. Cal., March 14, 2014) (staying proceedings pending arbitration) (*quoting JSM Tuscany, LLC v. Super. Ct.*, 193 Cal. App. 4th 1222, 1240-41, 123 Cal. Rptr. 3d 429 (Cal. App. 2011).

Accordingly, because plaintiff here brings claims relying on the Preliminary Collaboration Agreement, plaintiff should have raised his claims first in mediation, and thereafter, if necessary, through binding arbitration before JAMS in San Francisco.  In any event, plaintiff's claims should not have been brought in this or any other court, and they should be dismissed.

Forman and plaintiff never finalized or executed the Preliminary Collaboration Agreement, and although they worked together for several years, Forman and plaintiff never formed a partnership and never did business as partners.  Should the Court grant this motion, however, Forman will voluntarily agree to submit plaintiff's claims to the mediation and binding arbitration procedures described in the Preliminary Collaboration Agreement document in order to resolve those claims efficiently.  During any such mediation and, if necessary, binding arbitration, Forman reserves all of his rights, among other things, to deny that plaintiff's claims have any merit, and to deny that the Preliminary Collaboration Agreement was finalized or executed, or otherwise is a binding agreement.

///

///

For the reasons stated, Defendant Barry Forman respectfully petitions the court to dismiss this action, and to award defendant Forman his reasonable costs incurred in removing this case and bringing this motion.

DATED: February 24, 2017                    **FARMER BROWNSTEIN JAEGER LLP**

                                            By:   */s/ Charles R. Jaeger*

                                                  Charles R. Jaeger
                                                  Attorneys for Defendant
                                                  Barry Forman

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, I caused the foregoing documents, including the Notice of Motion and Motion to Dismiss Complaint; Memorandum of Points and Authorities; Declaration of Charles R. Jaeger in support thereof and a [Proposed] Order, to be electronically filed with the Clerk of the U.S. District Court (California Northern District – San Francisco/Oakland Division) using the ECF system, which automatically sends notification of such filing to ECF-registered counsel in this matter. Additionally, I have confirmed that all counsel in this action have registered with ECF regarding this case.

By: /s/ *Charles R. Jaeger*