UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB AVERY T'BEAR,<br><br>Plaintiff,<br><br>v.<br><br>BARRY FORMAN,<br><br>Defendant. | Case No. 17-cv-00796-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS**<br><br>Re: Dkt. No. 99 |

Plaintiff Caleb Avery t'Bear sued Defendant Barry Forman in California state court for breach of fiduciary duty, declaratory relief, and an accounting arising out of a failed business venture.[1] (Dkt. No. 1-1.)[2] Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b), based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 at ¶ 4.) Defendant subsequently brought counterclaims for breach of loan agreements, rescission, and in the alternative, equitable relief. (Dkt. No. 84.) On February 6, 2019, this Court granted Defendant's motion for summary judgment on Plaintiff's complaint, denied in part and deferred in part pending supplemental briefing Defendant's motion for summary judgment on Defendant's counterclaims, denied Plaintiff's cross motion for summary judgment on Defendant's counterclaims, denied Defendant's motion for sanctions, and denied Plaintiff's motion for leave to amend. (Dkt. No. 142.) Now pending before the Court is the deferred part of Defendant's motion for summary judgment on Defendant's counterclaims. (Dkt. No. 99.) After consideration of Defendant's supplemental briefing, the Court GRANTS Defendant's motion.

The factual background of this case is discussed in detail in the Court's February 6, 2019

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4 & 8.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

order. (*See* Dkt. No. 142 at 2-12.) The Court incorporates that background here.

## DISCUSSION

Defendant moves for summary judgment on his counterclaims for: (1) breach of 33 promissory notes and loan agreements; and (2) declaratory relief (rescission). Defendant also seeks injunctive relief prohibiting Plaintiff from conveying his interest in any FairWay-related entity, the FairWay IP, and his general assets until Plaintiff "has satisfied in full the judgment entered against him" on these claims.[3] (Dkt. No. 99 at 31-32.)

The Court's previous order concluded that Defendant had satisfied his burden of demonstrating the absence of a genuine dispute of material fact on the essential elements of his breach of contract counterclaim. (*See* Dkt. No. 142 at 23-24 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513 (N.D. Cal. 1995) ("'Where the moving party has the burden of [proof at trial,] his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'") (quoting Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984))).) The Court further disposed of all argument and issues raised in Defendant's motion and Plaintiff's opposition to same, (*see* Dkt. No. 142 at 22-38), except one issue related to Plaintiff's affirmative defense based on the California Financing Law ("CFL"), because of evidence cited by Plaintiff at oral argument, (*see id.* at 29-32).

Plaintiff's CFL defense asserts that the promissory notes at issue are void because Defendant failed to register as a financial lender as required under the CFL, California Financial Code § 22000 et seq. Plaintiff contends that by failing to register, Defendant violated California Financial Code §§ 22750 and 22752(a), and thus Defendant is prohibited from collecting on the loans, or at least collecting any interest on the loans. Defendant counters that Plaintiff's argument fails because the notes at issue are "commercial loans," and Sections 22750 and 22752(a) of the

---

[3] The Court's February 6, 2019 order addressed the parties' cross motions for summary judgment on Defendant's counterclaims in detail, (*see* Dkt. No. 142 at 22-40), and the Court incorporates that discussion here.

2

1  CFL apply only to "consumer loans."

2  The Court's previous order concluded that the CFL applies only to consumer and not commercial loans. (*See* Dkt. No. 142 at 29-30). The Court further noted that Plaintiff's defense could thus succeed only if a reasonable trier of fact could find that the loans qualify as consumer loans, that is, that they were intended for "primarily for personal, family, or household purposes," (*see id.* at 30). The Court's order addressed the written evidence of record and concluded that Plaintiff failed to identify any evidence from which a reasonable trier of fact could so find. (*Id.* at 30-31.) At oral argument, however, Plaintiff cited deposition testimony from Defendant in which he testified:

> [The equity] was tied to a single operating company[,] namely Fairway Financial US and I grew increasingly uncomfortable that I'd advanced a tremendous amount of money. *That money was being used in part to going [sic] to provide [Plaintiff's] living expenses, housing, food, health needs*, and the balance to develop and evolve[ ] his international patent portfolio and since these patents were international, and since it was anticipated that there were operating companies to be set up in jurisdictions around the world, I grew increasingly concerned about having all my eggs in one basket.

(*Id.* at 31-32 (citing Dkt. No. 115-5 at 91 (211:16-212:2) (emphasis added).) With regard to this evidence, the Court's order states:

> Plaintiff did not cite to this testimony in any of his pleadings in connection with the summary judgment motions; thus, the Court need not consider it. *See* Fed. R. Civ. P. 56(c)(3). However, because Plaintiff is unrepresented, and he seeks to have the testimony considered in defense to Defendant's counterclaims rather than on his affirmative claims, the Court will consider the late-identified deposition testimony. *See id.*; *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (noting that the trial court has discretion on summary judgment to consider materials in the record even if not cited to in the papers). Defendant, however, must be given an opportunity to respond, especially since Plaintiff did not claim that the loans qualify as consumer loans until his reply brief. Accordingly, Defendant may file a supplemental brief, not to exceed five pages, on whether, drawing all inferences in Plaintiff's favor, a reasonable trier of fact could find any of the loans at issue on Defendant's motion for summary judgment were made primarily for personal, family, or household purposes. The Court will take the issue under submission upon the filing of Defendant's supplemental brief. No further briefing or evidence is permitted.

(*Id.* at 32.) On February 21, 2019, Defendant filed his supplemental brief.[4] The gravamen of Defendant's argument is that the deposition testimony indicates only that *part* of the loan proceeds were being used to compensate Plaintiff for his work on FairWay, and that fact does not turn the "loans into 'consumer loans'" given the other evidence of record indicating a primarily commercial purpose. (Dkt. No. 147 at 6.) The Court agrees.

Plaintiff's complaint alleges that the loans were commercial in nature: "Defendant, as part of his agreed upon support for the partnership/joint venture, *provided funding for the partnership/joint venture* which funds were characterized as Promissory Notes." (Dkt. No. 1-1 at ¶ 9 (emphasis added).) The complaint then lists 45 promissory notes, including the 33 at issue, identifying Defendant as the "Lender" and Plaintiff as the "Borrower." (*Id.*) Plaintiff admitted that allegation in his answers to Defendant's first amended counterclaims, (Dkt. No. 37 at ¶ 17), and second amended counterclaims, (Dkt. No. 112 at ¶ 17).

The Ninth Circuit has recognized that "[a] statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). A judicial admission has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact," and is "conclusively binding on the party" who makes it. *Id.* (internal quotation marks and citation omitted). Thus, Plaintiff's allegations in the complaint and statements in his answers that the loans were used to fund FairWay (the "partnership/joint venture") constitute binding judicial admissions.

Plaintiff's allegations that the loans were used to fund FairWay are consistent with other documentary evidence of record. The terms of the first two promissory notes state that the primary, or even exclusive, purpose of the loans is to fund FairWay. (*See* Dkt. No. 99-2, Ex. 1 at 12 ("Proceeds of Note (a) Use the proceeds of the Note for working capital, legal fees, and other [short-term] general corporate purposes."); Ex. 2 at 28 ("Proceeds of Note (a) Use the proceeds of

---

[4] Defendant's brief includes exhibits not previously submitted as evidence. (*See* Dkt. Nos. 147-2--147-11.) Pursuant to the Court's order, it will not consider the newly submitted exhibits, and will instead consider only the arguments contained in Defendant's brief and citations therein to evidence previously submitted.

4

the Note exclusively for patent-related expenses (e.g., legal fees and the related general costs) related to a contemplated international business."). The parties subsequently used a "Secured Promissory Note" form for the loans at issue on Defendant's motion (except the loan to FairWay International Kft) that does not specify what the proceeds of the loans could be used for. (*See* Dkt. No. 99-2, Exs. 3-24; 26-33.) However, based on the terms of the first two loans, which show that Defendant made the loans to further an exclusively commercial purpose—the development of FairWay—that omission does not give rise to a reasonable inference that the subsequent loans were intended *primarily* for consumer purposes. (*See* Dkt. No. 99-2, Exs. 3-24; 26-33.) The commercial purpose of the loans is further evinced by the "Rolling Project Budget[s]" for FairWay that Plaintiff sent to Defendant in connection with some "Loan Managers"[5] itemizing how the loan proceeds were being utilized toward FairWay "Project Item[s]"[6] and "Legal/Acct." (*See* Dkt. Nos. 99-3, Ex. 34 at 4, Ex. 35 at 23-24, Ex. 40 at 69, Ex. 41 at 73; 99-4, Ex. 43 at 4, Ex. 45 at 13, Ex. 46 at 17, Ex. 47 at 22.)

In sum, the documentary evidence of record and Plaintiff's judicial admissions support Defendant's declaration in support of his motion for summary judgment that he "made more than 45 loans to [Plaintiff] *to assist his efforts to build his patent portfolio and FairWay*." (*See* Dkt. No. 99-1 at ¶ 4 (emphasis added).) Plaintiff's reference to a single acknowledgment by Defendant in his deposition testimony that the proceeds of the loans were "being used in part . . . to provide Plaintiff's living expenses" is insufficient to raise a genuine dispute of material fact as to whether the loans were intended *primarily* for Plaintiff's personal, family or household purposes.

\*\*\*

To defeat Defendant's motion, Plaintiff—who has the ultimate burden of proof on the CFL affirmative defense—must identify evidence sufficient to support a genuine dispute that the loans

---

[5] The Court's February 6, 2019 order includes a detailed description of the Loan Managers. (*See* Dkt. No. 142 at 4-5.)
[6] The parties do not dispute that Plaintiff used portions of the loan proceeds to compensate himself for his work on FairWay. Indeed, Plaintiff's Rolling Project Budgets include a line item for "Caleb" under the budget's "Project Item" heading. Plaintiff testified that "all the work that [he's] been doing since [2003, 2004] has been related to the FairWay project." (Dkt. No. 99-8, Ex. C at 36 (13:18-21).)

were not intended to be used primarily for other than personal, family or household purposes, that is, a finding that the loans were intended primarily for personal, family or household purposes. Plaintiff fails to do so.

Accordingly, the Court grants Defendant's motion for summary judgment on his counterclaim for breach of contract. Defendant has satisfied his burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of his claim, and Plaintiff fails to carry his burden of demonstrating a genuine dispute of material fact as to his CFL defense.

## CONCLUSION

The Court grants summary judgment in Defendant's favor on his counterclaim for breach of contract. The Court will hold a case management conference on the remaining issues in the case on April 4, 2019 at 1:30 p.m. An updated joint case management conference statement is due March 28, 2019.

**IT IS SO ORDERED.**

Dated: February 26, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge