1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    CALEB AVERY T'BEAR,                    Case No. 17-cv-00796-JSC
                      Plaintiff,
8
9           v.                              **ORDER RE MOTION FOR NUNC PRO
                                            TUNC ORDER**
10   BARRY FORMAN,                          Re: Dkt. No. 260
                      Defendant.
11

12          Before the court is Plaintiff's motion for an order *nunc pro tunc* that "reflect[s] the

13   unavailability of the U.S. District Court staff and abnormal ECF operations" so Plaintiff may

14   proceed with his appeal before the Ninth Circuit.  (Dkt. No. 260 at 3.)

15          On February 24, 2020, this Court entered judgment in favor of Defendant and against

16   Plaintiff on Plaintiff's claims against Defendant, and entered judgment in favor of Defendant and

17   against Plaintiff on Defendant's counterclaims. (Dkt. No. 240 at 1.)  On April 7, 2020, Plaintiff

18   filed a notice of appeal to the Ninth Circuit.  (*See* Dkt. No. 249.)  Two days later the Ninth Circuit

19   ordered Plaintiff to show cause why his appeal should not be dismissed for lack of jurisdiction

20   given that the notice of appeal was not filed within 30 days after entry of this Court's judgment as

21   required by 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A).  (Dkt. No.

22   260-10.)  In his response to the Ninth Circuit's order to show cause for this late filing, Plaintiff

23   argued that circumstances related to the COVID-19 pandemic—chiefly that the "U.S. District

24   Court's ECF electronic filing system would not allow [him] to log on as customary to file the

25   Notice of Appeal by the original due date"—prevented him from timely filing his notice of appeal.

26   (Dkt. No. 260-11 at 3.)  After reviewing the parties' responses to its order to show cause, the

27   Ninth Circuit determined that it "lack[ed] jurisdiction over [the] appeal because the April 7, 2020

28   notice of appeal was not filed within 30 days after the district court's judgment entered on

1   February 24, 2020." (Dkt. No. 260-14 at 1 (citations omitted).)

2        In light of the Ninth Circuit's order dismissing his appeal for lack of jurisdiction, Plaintiff

3   now moves this Court for an order *nunc pro tunc* "to correct the record to reflect the fact that the

4   Notice of Appeal was filed as 'timely'" in light of circumstances related to the COVID-19

5   pandemic. (Dkt. No. 260 at 8.)

6                              **DISCUSSION**

7        In civil cases, notices of appeal "must be filed with the district clerk within 30 days after

8   entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). *See also* 28 U.S.C. §

9   2107(a) ("[N]o appeal shall bring any judgment . . . of a civil nature before a court of appeals for

10  review unless notice of appeal is filed within thirty days after the entry of such judgment[.]"); *U.S.*

11  *ex rel. Haight v. Catholic Healthcare W*., 602 F.3d 949, 952 (9th Cir. 2010) ("[A] party in a civil

12  suit has 30 days from the entry of judgment within which to file a notice of appeal[.]"). Rule 4(a)

13  is "both mandatory and jurisdictional." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007).

14  Where Rule 4(a) implements statutory time constraints, untimely civil appeals must be dismissed

15  "for lack of jurisdiction, whether or not the parties raise the issue." *Id*. Rule 4(a) is enforced

16  "without distinction between counseled and uncounseled cases." *Hobson v. Campbell*, No. C 07-

17  5832 SI (PR), 2009 WL 3711926, at *1 (N.D. Cal. Nov. 5, 2009).

18       A district court may extend a party's time to file a notice of appeal where the party moves

19  for an extension "no later than 30 days after the time prescribed by [] Rule 4(a) expires[,] and . . .

20  that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A); *see also* 28 U.S.C.

21  § 2107(c) (permitting a district court to extend the time for appeal where a party "file[s] not later

22  than 30 days after the expiration of the time otherwise set for bringing appeal . . . upon a showing

23  of excusable neglect or good cause.") As with Rule 4(a)(1), Rule 4(a)(5)'s requirement of a timely

24  motion is "a jurisdictional one . . . created by statute." *U.S. ex rel. Haight*, 602 F.3d at 955. Rule

25  4(a) is the "exclusive means" to deal with a failure to timely file a notice of appeal. *Vargas v.*

26  *Prosper*, No. C 06-6671 SI (PR), 2010 WL 2802558, at *1 (N.D. Cal. July 15, 2010); *see also*

27  *Hobson*, 2009 WL 3711926, at *1. Rule 4(a) "expressly requires" the filing of a motion for

28  extension of time, and "expressly requires that the motion be filed no later than the expiration of

the 30-day grace period." *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir. 1981).

Plaintiff does not dispute that he filed his notice of appeal after the March 25, 2020 deadline imposed by Rule 4(a) and Section 2107(a). (*See* Dkt. Nos. 260 at 2.) The gravamen of Plaintiff's motion, however, is that the technical complications he encountered between March 22, 2020 and April 7, 2020 while attempting to file his notice of appeal excuse his late filing on April 7, 2020, such that—despite missing the March 25, 2020 deadline—the notice of appeal was timely.[1] (*See* Dkt. Nos. 260 at 5, 260-1 at 2.) However, Rule 4(a)(1)(A) and 28 U.S.C. § 2107(a) mandate that a notice of appeal must be filed within 30 days of a judgment's issuance. *See* Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal required [] *must* be filed with the district clerk within 30 days after entry of the judgment[.]") (emphasis added). As such, Rule 4(a) cannot abide any excuses for a litigant's failure to file a notice of appeal within the required 30-day timeframe, including Plaintiff's argument that he could not log onto ECF to file his notice of appeal by the March 25, 2020 deadline. (Dkt. No. 260 at 3-4.)

Accordingly, Plaintiff's only avenue for relief is Rule 4(a)(5)'s extension for the filing of a notice to appeal.[2] Rule 4(a)(5) requires that a party move for an extension of time "'no later than 30 days after' the expiration of the time allotted for an appeal," and the Rule "does not authorize late motions [for an extension of time]." *U.S. ex rel. Haight*, 602 F.3d at 954 (noting that a motion for an extension filed beyond this 30-day period was untimely). Where a party has failed to file a timely motion to extend, a "nunc pro tunc extension under Rule 4(a)(5) . . . would be futile, because [a] district court [is] prohibited from granting an extension in the absence of a timely

---

[1] Plaintiff also argues that this Court did not deny the filing of his late notice of appeal and that Defendant did not object to its filing. However, these facts cannot cure the jurisdictional defects caused by the untimeliness of the notice's filing. *See, e.g., Sadler*, 480 F.3d at 937; *Cel-A-Pak v. California Agr. Labor Relations Bd.*, 680 F.2d 664, 666 (9th Cir. 1982) ("Mere acceptance of the untimely notice of appeal will not be construed as a grant of such an extension by the district court."). Furthermore, "[i]t is the responsibility of the court of appeals rather than the district court to determine the existence or scope of appellate jurisdiction over an appeal and to dispose of deficient appeals." *Hobson*, 2009 WL 3711926, at *2

[2] In his reply to Defendant's opposition, Plaintiff states that this is "nonsense" because "[t]here is no second jurisdictional deadline if Plaintiff has met the timely filing deadline[.]" (Dkt. No. 265 at 3-4 (emphasis removed).) However, for the reasons stated above, Plaintiff failed to meet the timely filing deadline for his notice of appeal, so there *is* a second jurisdictional deadline he must satisfy.

1    motion." *Id.* at 957 (citation omitted).

2        Plaintiff's failure to file a motion to extend time to file a notice of appeal is fatal to the

3    current motion.  While Plaintiff's present motion attempts to offer explanations for his late appeal,

4    these were not raised in a timely Rule 4(a)(5) motion; instead, they are now offered for the first

5    time in a motion for an order *nunc pro tunc*.  On this basis the Court cannot grant an extension to

6    Plaintiff's time to file a notice to appeal.  *See U.S. ex rel. Haight*, 602 F.3d at 957.

7        Finally, Plaintiff argues for the first time in his reply brief that Civil Local Rule 5-1(e)(5)

8    provides that filings due on the same day as a technical failure "shall be due the next court day[,]"

9    and that his inability to file his notice through ECF until April 7, 2020 makes April 7 the "actual

10   due date" of his notice to appeal and therefore his notice was timely filed.  (Dkt. No. 265 at 3

11   (emphasis removed).)  As a preliminary matter, because a district court "need not consider

12   arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

13   2007), the Court need not consider the argument that Local Rule 5-1(e)(5) extended Plaintiff's

14   filing deadline and made timely his notice under Federal Rule of Appellate Procedure 4(a)(1).  In

15   any event, Local Rule 5-1(e)(5) does not help Plaintiff.  First, it  provides that "[t]he Clerk shall

16   deem the ECF system to be subject to a technical failure on a given day if the system is unable to

17   accept filings continuously or intermittently over the course of any period of time greater than one

18   hour after 12:00 noon that day."  The Clerk of the Court did not make any such designation and

19   there is no evidence in the record (or of which this Court is aware) of any sort of systemic ECF

20   failure during the time period at issue.  Second,  the Rule requires a litigant to attach a declaration

21   or affidavit to the late filing "attesting to the filer's failed attempts to file electronically at least two

22   times after 12:00 noon separated by at least one hour on each day of delay due to such technical

23   failure]"  Plaintiff  did not attach any such declaration to his untimely notice of appeal.  (*See* Dkt.

24   No. 249.)

25

26                                **CONCLUSION**

27        For the reasons stated above, the Court DENIES Plaintiff's motion for an order *nunc pro*

28   *tunc*.

4

United States District Court
Northern District of California

This Order disposes of Docket No. 260.

**IT IS SO ORDERED.**

Dated: August 5, 2020

*Jacqueline Scott Corley*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge