UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB AVERY TBEAR,<br><br>  Plaintiff,<br><br>  v.<br><br>BARRY FORMAN,<br><br>  Defendant. | Case No. 17-cv-00796-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Re: Dkt. No. 288 |

Before the Court is Plaintiff's motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60.[1] (Dkt. No. 288.)[2] The motion is fully briefed. (Dkt. Nos. 292, 293.) After carefully considering the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the September 30, 2021 hearing, and DENIES the motion.

**BACKGROUND**

On February 24, 2020, the Court entered judgment in favor of Defendant and against Plaintiff on Plaintiff's claims and Defendant's counterclaims. (Dkt. No. 240.) Plaintiff filed a notice of appeal of the judgment, which the Ninth Circuit dismissed for lack of jurisdiction as untimely filed. (Dkt. No. 259); *t'Bear v. Forman*, No. 20-15619 (9th Cir. June 26, 2020) (order). Plaintiff returned to this Court and filed a motion for an order *nunc pro tunc* to change the filing date of his notice of appeal, which the Court denied. (Dkt. No. 266.) Plaintiff filed a notice of appeal of that order, which the Ninth Circuit similarly dismissed for lack of jurisdiction as

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 8.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    untimely filed.  (Dkt. No. 286); *t'Bear v. Forman*, No. 20-16742 (9th Cir. Nov. 23, 2020) (order).

2    Plaintiff now moves for relief from the order denying his request for an order *nunc pro*
3    *tunc*.  He also moves for relief from the judgment, requesting the Court "take some other action . .
4    . to allow [P]laintiff to proceed with due urgency to the [Ninth] Circuit Court of Appeals."  (Dkt.
5    No. 288 at 1, 3–4.)

## DISCUSSION

### I.     Rule 60 Relief

At the outset, Plaintiff does not explain with particularity which parts of Rule 60 provide a basis for each of his requests for relief.  He states, "This Court can set aside part or all of its previous Judgments and/or Order in this case under FRCP Rule 60," and goes on to cite Rules 60(a), 60(b)(3), 60(b)(4), and 60(b)(6).  (Dkt. No. 288 at 13–15.)  Rule 60(a) is inapplicable because it is limited to correcting "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Plaintiff's arguments go to the merits of the order denying *nunc pro tunc* and the judgment; he points to no clerical or other mistakes.  Rule 60(b)(3) is inapplicable to the request for relief from the judgment, because more than a year has passed since the Court entered judgment.  *See* Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(4) is inapplicable because Plaintiff has not shown that either the order denying *nunc pro tunc* or the judgment is void.  *See* Fed. R. Civ. P. 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.  The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." (citation omitted)).

As to relief from the order denying an order *nunc pro tunc*, (Dkt. No. 266), Plaintiff argues the same grounds that this Court rejected in that order.  (Dkt. No. 288 at 2 ("[The] motion will be made upon the grounds that the March 16, 2020 closure of the District Court (in particular the Court Clerk['s] Office) due to the COVID-19 health emergency impeded the normal operations of this Court[.]"); *id.* at 13 ("[T]he Notice of Appeal on the Merits must be allowed to proceed[.]").)  After Plaintiff missed the deadline to timely appeal the judgment, the proper avenue for relief was

2

a Rule 4(a)(5) motion for extension of time to appeal. That Plaintiff failed to file a Rule 4(a)(5) motion did not entitle him to an order *nunc pro tunc* to retroactively make his appeal timely. (Dkt. No. 266 at 3–4.) Similarly, after the Court denied an order *nunc pro tunc*, the proper avenue for relief was a timely appeal of that order. That Plaintiff failed to timely appeal is no basis for this Court to grant relief from the order. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (Rule 60 is "not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment could have been perfected first seeks to express his dissatisfaction. The procedure provided by [R]ule 60(b) is not a substitute for an appeal." (citation omitted)).

As to relief from the judgment, (Dkt. No. 240), Plaintiff has not "establish[ed] the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal" as required for relief under Rule 60(b)(6). *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (citation omitted); *see also Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019) ("[a] movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment" (internal quotation marks and citation omitted)). Thus, the Ninth Circuit's dismissal of Plaintiff's untimely appeal of the judgment is the end of the road. *See In re Stein*, 197 F.3d 421, 424 (9th Cir. 1999) ("[R]elief [is] not available under Rule 60(b) because the exclusive remedies for a failure to file a timely notice of appeal . . . [are] contained in Rule 4(a)."). "[A] district court may not vacate its earlier judgment to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal." *Id.* at 425–26 (citation omitted).

Accordingly, Plaintiff's requests for relief under Rule 60 are DENIED.

## II. Defendant's Requests for Court Order & Attorneys' Fees

Defendant requests the Court order that Plaintiff cannot file further motions with this Court. (Dkt. No. 292 at 15.) Plaintiff's post-judgment motions have attempted to relitigate issues either previously decided by this Court or foreclosed by dispositions on appeal. Accordingly, **Plaintiff may not file additional motions in this closed case**. *E.g.*, *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. C 18-03748 WHA, 2020 WL 6336126, at *1–2 (N.D. Cal. Sept. 2, 2020);

*Bridgewater v. Hayes Valley Ltd. P'ship*, No. C 10–3022 CW, 2012 WL 2571321, at *1 (N.D. Cal. July 2, 2012).

Defendant also requests reasonable attorneys' fees incurred in responding to the instant motion. (Dkt. No. 292 at 15.) The Court may require an attorney or litigant "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see Wages v. I.R.S.*, 915 F.2d 1230, 1235 – 36 (9th Cir. 1990) (explaining that Section 1927 sanctions can be imposed against unrepresented litigants as well as attorneys). Recklessly raising a frivolous argument that multiplies the proceedings meets that standard. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002). Here, Plaintiff's Rule 60 motion was recklessly frivolous in seeking to relitigate, with the same arguments, issues resolved by dismissal of his two untimely appeals. Accordingly, Defendant is entitled to Section 1927 attorneys' fees.

## CONCLUSION

Plaintiff's motion is DENIED and the September 30, 2021 hearing is VACATED. On or before October 12, 2021, Defendant shall file records, declarations, and other supporting evidence as necessary to determine an award of reasonable attorneys' fees under 28 U.S.C. § 1927. Plaintiff may file a response, if any, to Defendant's submission on or before October 26, 2021.

Plaintiff may not file additional motions in this closed case.

This Order disposes of Docket No. 288.

**IT IS SO ORDERED.**

Dated: September 27, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge