1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
CALEB AVERY TBEAR,

Case No.  17-cv-00796-JSC

8
Plaintiff,

9
v.

**ORDER RE: ATTORNEYS' FEES**

10
BARRY FORMAN,

Re: Dkt. Nos. 295, 296

11
Defendant.

12

13
By Order on September 27, 2021, (Dkt. No. 295), the Court determined that Defendant is

14
entitled to reasonable attorneys' fees incurred in responding to Plaintiff's motion for relief from a

15
judgment or order, (Dkt. No. 288).  28 U.S.C. § 1927; *see B.K.B. v. Maui Police Dept.*, 276 F.3d

16
1091, 1107 (9th Cir. 2002).

17
Defendant requests fees in the amount of $48,465, representing 71.8 hours of work by two

18
attorneys with an hourly rate of $675.  (Dkt. No. 296.)  Plaintiff's opposition does not make

19
specific objections to the time expended or the hourly rate; rather, it argues that the underlying

20
motion for relief was not frivolous and fees are not warranted.  (Dkt. No. 298.)  These arguments

21
are of no moment because the Court previously concluded that the underlying motion was

22
recklessly frivolous in seeking to relitigate issues resolved by dismissal of Plaintiff's two untimely

23
appeals, thus warranting Section 1927 attorneys' fees.  (Dkt. No. 295.)

24
To calculate reasonable attorneys' fees, the lodestar method multiplies "the number of

25
hours the prevailing party reasonably expended on the litigation (as supported by adequate

26
documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."

27
*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011); *Lahiri v. Universal*

28
*Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222–23 (9th Cir. 2010) (affirming Section 1927

United States District Court
Northern District of California

United States District Court
Northern District of California

1   fee award calculated with lodestar method).  Defendant's counsel Ms. Klein spent 4.2 hours

2   attempting to obtain a stipulation to enlarge Defendant's time to respond and, when a stipulation

3   could not be obtained, preparing a motion.  (Dkt. No. 296 ¶¶ 8–9.)  She then spent 32.6 hours, and

4   co-counsel Mr. Jaeger spent 35 hours, preparing Defendant's opposition to Plaintiff's motion for

5   relief from a judgment or order.  (*Id.* ¶¶ 9–10.)  The Court finds the hours expended were

6   reasonable in light of the procedural complexity of the motion.  (*See id.* ¶ 11.)

7          The reasonable hourly rate is calculated "according to the prevailing market rates in the

8   relevant community" and should be "in line with [the rates] prevailing in the community for

9   similar services by lawyers of reasonably comparable skill, experience and reputation."

10  *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (internal quotation

11  marks and citation omitted).  "[T]he relevant community is the forum in which the district court

12  sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  At an earlier stage of

13  this case, in June 2020, the Court determined that an hourly rate of $600 was reasonable for

14  partners Ms. Klein and Mr. Jaeger.  (Dkt. No. 258 at 15–16.)  The current requested rate of $675 is

15  also reasonable because it is in line with the prevailing rates in this District.  *Moreno v. City of*

16  *Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("District judges can certainly consider the fees

17  awarded by other judges in the same locality in similar cases. . . . The district court's function is to

18  award fees that reflect economic conditions in the district[.]"); *see Chen v. Chase Bank USA, N.A.*,

19  No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) ($475 to $750 for

20  attorneys); *De Leon v. Ricoh USA, Inc.*, No. 18- cv-03725-JSC, 2020 WL 1531331, at *15–16

21  (N.D. Cal. Mar. 31, 2020) ($675 to $800 for principals); *Theodore Broomfield v. Craft Brew All.,*

22  *Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *11–12 (N.D. Cal. Feb. 5, 2020) ($475 to $825

23  for partners); *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342, at *12

24  (N.D. Cal. Oct. 11, 2017) ($520 to $950 for partners); *Dropbox, Inc. v. Thru Inc.*, No. 15-cv-

25  01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. Mar. 8, 2017) ($900 for senior partners).

26         Therefore, the requested fees of $48,465 represent 71.8 hours reasonably expended and a

27  reasonable hourly rate of $675.

28                                        * * *

1    The Court AWARDS Section 1927 attorneys' fees to Defendant's counsel in the amount of

2  $48,465.

3    **IT IS SO ORDERED.**

4  Dated: November 1, 2021

5

6

7                                        _____
                                         JACQUELINE SCOTT CORLEY
                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California