UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB AVERY T'BEAR,<br><br>   Plaintiff,<br><br>   v.<br><br>BARRY FORMAN,<br><br>   Defendant. | Case No. 17-cv-00796-JSC<br><br>**ORDER RE: ATTORNEYS' FEES TO ENFORCE JUDGMENT**<br><br>Re: Dkt. No. 302 |

Before the Court is Defendant's motion for attorneys' fees to enforce the judgment. (Dkt. No. 302.)[1] After carefully considering the parties' briefing, including Defendant's supplemental filing, (*see* Dkt. Nos. 307, 308), the Court GRANTS the motion in part.

## BACKGROUND

In February 2020, following a bench trial, the Court entered judgment in favor of Defendant and against Plaintiff on Plaintiff's claims and Defendant's counterclaims and awarded damages to Defendant in the amount of $1,410,895.00. (Dkt. No. 240; *see* Dkt. No. 235.) The judgment also rescinded the December 2011 Memorandum of Understanding and restored Defendant's direct security interest in the FairWay IP. (Dkt. No. 240.) Plaintiff filed a notice of appeal of the judgment, which the Ninth Circuit dismissed for lack of jurisdiction as untimely filed. (Dkt. No. 259); *t'Bear v. Forman*, No. 20-15619 (9th Cir. June 26, 2020) (order). In June 2020, the Court awarded Defendant $2,590,863.40 in attorneys' fees. (Dkt. No. 258.) Plaintiff appealed and the Ninth Circuit affirmed the award. (Dkt. No. 294); *t'Bear v. Forman*, No. 20-16348 (9th Cir. Sept. 20, 2021) (order).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    After the Ninth Circuit dismissed Plaintiff's appeal of the judgment and while his appeal of
2    the fee award was pending, Plaintiff filed a motion for an order *nunc pro tunc* to change the filing
3    date of his notice of appeal of the judgment. This Court denied the motion in August 2020. (Dkt.
4    No. 266.) Plaintiff filed a notice of appeal of that order, which the Ninth Circuit dismissed for
5    lack of jurisdiction as untimely filed. (Dkt. No. 286); *t'Bear v. Forman*, No. 20-16742 (9th Cir.
6    Nov. 23, 2020) (order).

7    In August 2021, Plaintiff filed a motion for relief from (1) the August 2020 order denying
8    his request for an order *nunc pro tunc* and (2) the February 2020 judgment. This Court denied the
9    motion in September 2021. (Dkt. No. 295.) Plaintiff filed a notice of appeal, which remains
10   pending in the Ninth Circuit. (Dkt. Nos. 299, 300.) In November 2021, the Court awarded
11   Defendant $48,465.00 in attorneys' fees incurred in responding to Plaintiff's motion for relief.
12   (Dkt. No. 301.)

13   According to Defendant, Plaintiff has not paid the $1,410,895.00 judgment or
14   $2,639,328.40 combined attorneys' fees awards. Defendant moves for attorneys' fees pursuant to
15   Federal Rule of Civil Procedure 69(a) and California Code of Civil Procedure § 685.040. He
16   seeks fees in the amount of $571,123.00 incurred to enforce the judgment over the past two years
17   by defending against Plaintiff's appeals and by conducting a foreclosure sale on the FairWay IP,
18   the collateral that secured Defendant's loans to Plaintiff. Defendant's request excludes the work
19   underlying both of the Court's earlier fee awards. (*See* Dkt. No. 302-1 ¶¶ 20, 31.)

## DISCUSSION

### I.    Attorneys' Fees to Enforce the Judgment

Motions for attorneys' fees to enforce the judgment are governed by Rule 69(a), which provides that "proceedings supplementary to and in aid of a judgment or execution [] must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); *see Carnes v. Zamani*, 488 F.3d 1057, 1059–60 (9th Cir. 2007). California procedural law applies here because there is no applicable federal statute. *See Carnes*, 488 F.3d at 1060. California substantive law applies because this is a diversity action. *See id.*

California's Section 685.040 provides that a "judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment." Cal. Code Civ. P. § 685.040. The statute is "intended to address the problem unique to a claim for postjudgment fees in actions based on contract." *Jaffe v. Pacelli*, 82 Cal. Rptr. 3d 423, 428 (Cal. Ct. App. 2008) (cleaned up). A Section 685.040 motion must be filed before the underlying judgment is fully satisfied. *Carnes*, 488 F.3d at 1060. Defendant's motion is timely in this regard. Two additional elements are required: "(1) the fees must have been incurred to 'enforce' a judgment; and (2) the underlying judgment had to include an award for attorney fees pursuant to [Section 1033.5(a)(10)(A)], which provides that attorney fees may be awarded when authorized by contract." *Jaffe*, 82 Cal. Rptr. 3d at 429.

### A. Enforce the Judgment

As to the first element, Defendant argues that it enforced the judgment by defending against Plaintiff's appeals and by conducting a foreclosure sale on the FairWay IP.

#### 1. Appeals

Defendant's work on Plaintiff's appeal of the June 2020 attorneys' fees award (*see* Dkt. Nos. 258, 294) incurred fees to "enforce" the judgment. *See Logtale, Ltd. v. IKOR, Inc.*, No. 11-cv-05452-EDL, 2019 WL 12517082, at *4–5 (N.D. Cal. Jan. 18, 2019) (awarding Section 685.040 attorneys' fees incurred from appeal of attorneys' fees award in underlying judgment); *Rosen v. LegacyQuest*, 170 Cal. Rptr. 3d 1, 7–8 (Cal. Ct. App. 2014) ("[S]tatutory fee provisions . . . include fees on appeal unless the statute expressly states otherwise."). So too for Defendant's fees incurred from Plaintiff's appeal of the judgment, (*see* Dkt. Nos. 240, 259), motions challenging the judgment, (*see* Dkt. Nos. 266, 295), and fully resolved appeal of this Court's order on one of those motions, (*see* Dkt. Nos. 285, 286). *Imperial Bank v. Pim Elec., Inc.*, 39 Cal. Rptr. 2d 432, 444 (Cal. Ct. App. 1995) ("Statutory authorization for the recovery of attorney fees incurred in trial court proceedings *necessarily* includes attorney fees incurred on appeal unless the statute specifically provides otherwise."); *see also Nomadix, Inc. v. Guest-Tek Interactive Ent. Ltd.*, No. 2:19-CV-04980-AB (SKx), 2022 WL 258494, at *1 (C.D. Cal. Jan. 11, 2022) (fees incurred from motions challenging judgment); *Girlsongs & Warner Bros., Inc. v. Starkey*, 108 F.R.D. 275, 278–

3

1   79 (N.D. Cal. 1985) (same); *Reveles v. Toyota by the Bay*, 67 Cal. Rptr. 2d 543, 552 (Cal. Ct. App.
2   1995) (fees incurred from appeal of judgment), *abrogated on other grounds by Gavaldon v.*
3   *DaimlerChrysler Corp.*, 690 P.3d 752 (Cal. 2004).  And so too for Defendant's fees incurred in
4   preparing the instant fee motion.  *See Bruckman v Parliament Escrow Corp.*, 235 Cal. Rptr. 813,
5   819 (Cal. Ct. App. 1987) ("[W]hen an amount of attorney's fees is statutorily authorized, the
6   reasonable expenses of preparing the application for fees should be included in the award.").

Not so, however, for Defendant's fees incurred from Plaintiff's pending appeal of this Court's order denying Plaintiff's motion for relief from a judgment or order.[2]  (*See* Dkt. Nos. 299, 300.)  The Ninth Circuit retains jurisdiction and could reverse this Court's order; if it does, Defendant's work in unsuccessfully defending Plaintiff's appeal will not have been necessary to enforce the judgment.  *See MST Farms v. C.G. 1464*, 251 Cal. Rptr. 72, 74 (Cal. Ct. App. 1988) ("[I]n a proper case the trial court has jurisdiction to award, as an element of costs under section 1717, attorney fees incurred by the prevailing party in *successfully* defending or prosecuting an appeal." (emphasis added)).  Accordingly, it would be premature to determine that fees for such work were incurred to enforce the judgment.

### 2.    Foreclosure

Defendant's foreclosure on the FairWay IP, which secured Defendant's loans to Plaintiff, incurred fees to "enforce" the judgment.  Plaintiff has not paid the $1,410,895.00 judgment issued by this Court.  Accordingly, Defendant's work to perfect his interest in and foreclose upon the FairWay IP was "reasonable and necessary" to satisfy the judgment.  Cal. Code Civ. P. § 685.040.  Defendant, the only bidder at the foreclosure sale, bid $100,000.00 for all the collateral in the form of a $100,000.00 credit against Defendant's secured claim; his bid was declared the highest and the collateral was sold to him.  (Dkt. No. 302-1 ¶ 29.)  Defendant also opposed an application for temporary restraining order and preliminary injunction, filed by another creditor in a California court, which sought to prevent the foreclosure sale.  Although Defendant has not cited a case directly on point, courts have awarded fees for comparable work.  *See Nomadix*, 2022 WL

---

[2] The requested fees represent 1.5 hours of work by Mr. Jaeger and Ms. Klein, each at $675, for a total of $1,012.50.  (Dkt. No. 308 at 2; *see* Dkt. No. 302-1 at 49, 51.)

258494, at *1 (judgment creditor "enforce[d] and collect[ed]" fee award by "conducting discovery to identify financial assets to satisfy the award"); *Jaffe*, 82 Cal. Rptr. 3d 423, 429 n.8, 431 (judgment creditor filed adversary bankruptcy proceeding to prevent debtor from "sabotag[ing]" judgment in bankruptcy). Thus, fees for opposing the competing creditor are awardable as fees incurred in enforcing the judgment.

### B.     Fees Awarded in Underlying Judgment

The second element of Section 685.040 is met. The Court awarded, and the Ninth Circuit affirmed, attorneys' fees incurred prior to the judgment pursuant to California Civil Code § 1717. (*See* Dkt. Nos. 258, 294); *see also Logtale*, 2019 WL 12517082, at *3 (concluding that party could recover attorneys' fees to enforce the judgment because the court had awarded Section 1717 attorneys' fees, even though the award was not in the judgment itself). Section 1717 attorneys' fees are allowable under Section 1033.5(a)(10)(A), and thus under Section 685.040. Cal. Code Civ. P. § 1033.5(c)(5)(B); *see Carnes*, 488 F.3d at 1060; *Jaffe*, 82 Cal. Rptr. 3d at 429.

* * *

Both required elements are met to award attorneys' fees under Section 685.040. *See Jaffe*, 82 Cal. Rptr. 3d at 429.

## II.    Reasonable Hours and Rates

Having determined that fees are warranted, the Court turns to calculating the lodestar. *See PLCM Grp. v. Drexler*, 997 P.2d 511, 518–19 (Cal. 2000). The lodestar is "the number of hours reasonably expended multiplied by the reasonable hourly rate . . . prevailing in the community for similar work." *Id.* at 518; *see In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Defendant requests $571,123.00 in fees, representing 1,041.45 hours of work by attorneys at four firms.[3] (Dkt. No. 302-1 ¶ 20; Dkt. No. 302-2 ¶ 18; Dkt. No. 302-3 ¶ 5; Dkt. No.

---

[3] $417,073.00 for Farmer Brownstein Jaeger Goldstein Klein & Siegel LLP; $84,693.00 for Buchalter, A Professional Corporation; $58,380.00 for Keller Benvenutti Kim LLP; and $10,976.50 for Orrick, Herrington & Sutcliffe LLP.

5

302-4 ¶¶ 6–7.)  Plaintiff argues unpersuasively that Defendant and counsel's conduct was illegal, but does not make specific objections to time expended or hourly rates. (*See* Dkt. No. 303.)

### A. Hours

The number of hours expended should not exceed the number of hours reasonable competent counsel would bill for similar services. *Hensley*, 461 U.S. at 434. Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Defendant submits declarations of attorneys from the four firms attesting to the hours worked by specific attorneys, and redacted invoices reflecting those hours. This documentation is sufficient to support his request for fees. *See Steiny & Co., Inc. v. Cal. Elec. Supply Co.*, 79 Cal. App. 4th 285, 293 (2000). The declarations and corresponding invoices are detailed and demonstrate that the hours expended were reasonable given the complexity of the appeals, post-judgment motion practice, and FairWay IP issues. That Defendant has already paid for the great majority of these hours is an additional indication they were reasonably spent. (Dkt. No. 302-1 ¶ 19; Dkt. No. 302-2 ¶ 19; Dkt. No. 302-3 ¶ 7; Dkt. No. 302-4 ¶ 9; *see* Dkt. No. 258 at 12 (noting same in June 2020 attorneys' fees award).)

It was generally reasonable for Defendant to engage three firms outside of his lead counsel for targeted work in their areas of expertise. (*See* Dkt. No. 302-1 ¶¶ 32–35.) That said, a reduction is warranted to the extent the work of counsel from each firm necessarily required review of work performed by counsel from other firms based on overlapping issues. *See Hadley v. Krepel*, 214 Cal. Rptr. 461, 464 (Cal. Ct. App. 1985) (finding plaintiff's objections appropriate as to fees "incurred as a result of becoming new counsel and acquainting subsequent counsel with the case"). Accordingly, the Court reduces the lodestar by 3% to $553,989.31.[4] Additionally, the Court's June 2020 attorneys' fees award covered work performed through April 30, 2020, when Defendant filed the reply to his initial motion for attorneys' fees. (*See* Dkt. No. 258 at 5.) The

---

[4] $404,560.81 for Farmer; $82,152.21 for Buchalter; $56,628.60 for Keller; and $10,647.21 for Orrick.

6

1  current motion includes work performed by lead counsel's firm on April 30, 2020, including
2  reply-related work, which the Court excludes as already awarded.  (*See* Dkt. No. 302-1 at 20.)
3  This reduces the lodestar by $7,432.50,[5] to $546,556.81.  Finally, the Court reduces the lodestar
4  by $1,012.50 for work performed (by Farmer) on a pending appeal, as discussed above, to
5  $545,544.31.[6]

### B.     Rates

A reasonable hourly rate is calculated "according to the prevailing market rates in the relevant community" and should be "in line with [the rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (cleaned up); *see Children's Hosp. & Med. Ctr. v. Bonta*, 118 Cal. Rptr. 2d 629, 661–62 (Cal. Ct. App. 2002) (same under California law).  "[T]he relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  Defendant requests the following rates:

| | | |
|---|---|---|
| Charles Jaeger | Graduated 1989 | $600-675 |
| David M. Goldstein | Graduated 1989 | $600-675 |
| Kerry C. Klein | Graduated 1998 | $600-675 |
| Jim Smith | Senior Paralegal | $175-200 |
| Cullen Conboy | Case Assistant | $75-100 |
| Lizette Tavares | Legal Assistant | $200 |
| Valerie Bantner Peo | Senior Counsel | $450-480 |
| Robert Zadek | Of Counsel | $845 |
| Kari Barnes | Graduated 2007 | $545 |
| Benjamin Heuer | Shareholder | $525-550 |

---

[5] 5.4 hours by Ms. Klein at $600; 4.7 hours by Mr. Jaeger at $600; 1.4 hours by Mr. Goldstein at $600; 7.1 hours by Mr. Conboy at $75.  (Dkt. No. 302-1 at 23.)

[6] $396,115.81 for Farmer; $82,152.21 for Buchalter; $56,628.60 for Keller; and $10,647.21 for Orrick.

| | | |
|---|---|---|
| Corina Rachina | Paralegal | $310 |
| Mikki F. Varela | Paralegal | $250 |
| Kimberly Wolfe | Paralegal | $250 |
| Flor Velazquez | Research & Information | $95 |
| Peter J. Benvenutti | Graduated 1974 | $800-900 |
| Brian P. Goldman | Graduated 2010 | $945-1,000 |
| Leigha Henson | Paralegal | $350 |

(Dkt. No. 302-1 ¶¶ 4, 7, 8, 10–11, 13, 15–17, 20; Dkt. No. 302-2 ¶¶ 5, 9–15, 18; Dkt. No. 302-3 ¶ 2; Dkt. No. 302-4 ¶¶ 2, 4, 7.)  At earlier stages of this case, the Court approved as reasonable the uppermost requested rates of Mr. Jaeger, Ms. Klein, Ms. Rachina, and Ms. Varela.  (Dkt. No. 301-1 at 2; Dkt. No. 258 at 16–17.)

The requested rates are reasonable and in line with the prevailing rates in this District. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008) ("District judges can certainly consider the fees awarded by other judges in the same locality in similar cases. . . . The district court's function is to award fees that reflect economic conditions in the district[.]"); *see Chen v. Chase Bank USA, N.A.*, No. 19-cv-01082-JSC, 2020 WL 3432644, at *10 (N.D. Cal. June 23, 2020) ($475-750 for attorneys); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 WL 1531331, at *15–16 (N.D. Cal. Mar. 31, 2020) ($675-800 for principals); *Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *11–12 (N.D. Cal. Feb. 5, 2020) ($475-825 for partners); *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 WL 5982868, at *3 (N.D. Cal. Nov. 14, 2018) ($120-175 for paralegals); *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342, at *12 (N.D. Cal. Oct. 11, 2017) ($520-950 for partners); *Dropbox, Inc. v. Thru Inc.*, No. 15-cv01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. Mar. 8, 2017) ($900 for senior partners); (Case No. 14-cv-04086-NC, Dkt. No. 203 at 5, Dkt. No. 185-1 at 21 ($250-350 for paralegals).)  The highest hourly rates, of $800-1,000, remain reasonable given this District's economic conditions.  (*See* Dkt. No. 246-17 at 21–38 (Defendant's fee expert summarizing hourly rates up to $1,500 depending on experience and firm reputation).)

\* \* \*

Accordingly, the Court awards Defendant $545,544.31 in reasonable attorneys' fees incurred to enforce the judgment.

## CONCLUSION

Defendant's motion is GRANTED in part. The Court AWARDS Defendant $545,544.31 in attorneys' fees.

This Order disposes of Docket No. 302.

**IT IS SO ORDERED.**

Dated: June 29, 2022

JACQUELINE SCOTT CORLEY
United States District Judge